UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOMINIQUE LACY,

                            Plaintiff,

     v.                                No. 18-CV-1383

RUBIN & ROTHMAN LLC,

                            Defendant.

---

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT AND
## DEMAND FOR JURY TRIAL
## ON BEHALF OF DOMINIQUE LACY

### I. INTRODUCTION

1.    This is an action brought by Plaintiff Dominique Lacy nee Cruz for actual and statutory damages brought in response to Defendant Rubin & Rothman's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2.    Jurisdiction of this court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

3.    Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

4.     Plaintiff, Dominique Lacy nee Cruz, is a natural person residing in Wallingford, Connecticut.

5.     Lacy is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6.     Defendant Rubin and Rothman LLC (R&R) is a limited liability company organized and existing under the laws of the State of New York

7.      R&R is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

8.     R&R has transacted business within the State of New York as is more fully set forth hereinafter in this complaint.

9.     R&R regularly attempts to collect debts owed or due or asserted to be owed or due another.

10.     R&R's principal purpose is, through the use of the instrumentalities of interstate commerce and the mails, is the collection of alleged debts.

11.     The acts of the R&R alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

12.     All references to "Defendant" or "R&R" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

13.     Lacy allegedly incurred a student loan with GMAC Bank that was allegedly assigned to National Collegiate Student Loan Trust 2007-2. This debt will be referred to as "the subject debt."

14.     That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

15.     That upon information and belief R&R was employed by National Collegiate Student Loan Trust 2007-2 to collect on the subject debt.

16.     The subject debt was alleged to have been in default when it was assigned to R&R for collection.

17.     On March 2, 2017, R&R filed suit on behalf of National Collegiate Student Loan Trust 2007-2, in the Civil Court of the City of New York for the County of The Bronx.

18.     A copy of the state-court complaint filed by R&R in The Bronx is attached as <u>Exhibit A</u>.

19.     R&R then claimed to have served the state-court complaint on someone on March 28, 2017, at Lacy's mother's apartment in The Bronx. A copy of the Affidavit of Service from state court is attached as <u>Exhibit B</u>.

20.     Lacy had not lived in mother's apartment since approximately 2008.

21.     From approximately 2008 until 2012, Lacy lived in New Jersey.

22.     Lacy has been living in Connecticut since approximately 2012.

23.     Lacy did not enter into any financial agreement with National Collegiate Student Loan Trust 2007-2 or GMAC Bank in The Bronx.

24.     Lacy does not know how or why R&R sued her in The Bronx, because the collection agency that was attempting to collect on the same alleged debt before R&R took over collection sent correspondence to Lacy at her correct home address in Connecticut.

25.     When Lacy received the summons and complaint, she became concerned and upset and suffered emotional distress.

26.     Lacy suffered emotional distress because she could not afford to travel to The Bronx and could not afford to hire New York counsel to defend her in a distant, inconvenient forum.

27.     According to Google Maps, it would have taken approximately 2 hours and 10 minutes each way by car to travel from her home in Wallingford, Connecticut to the Supreme Courthouse in The Bronx.

28.     By public transportation, Google Maps shows that the same trip would have taken more than four hours.

29.     Lacy is unemployed and cares full time for three minor children and a minor stepchild.

30.     Her family has only one car, which she shares with her husband.

31.    Travelling from Connecticut to The Bronx would have been expensive, time-consuming, and would have had serious deleterious consequences to her family life and to her children's health and well-being.

32.    Lacy paid an attorney in Manhattan $2,000 to move to dismiss the lawsuit in The Bronx for lack of jurisdiction and inconvenient forum.

33.    Faced with the motion to dismiss and overwhelming evidence of its incompetence, R&R discontinued the case.

34.    Despite the fact that R&R knew or should have known that Lacy lived in Connecticut and that R&R could not legally sue Lacy in The Bronx, R&R improperly filed a lawsuit against Lacy in The Bronx.

35.    That upon information and belief, no attorney conducted a meaningful attorney review before filing the state-court complaint attached as Exhibit A or before attempting to make service of it in The Bronx, as reflected in the Affidavit of Service attached as Exhibit B.

36.    Had any attorney at R&R actually reviewed the records in the possession of National Collegiate Student Loan Trust 2007-2, he or she would have seen that the loan had not been entered into in The Bronx and that National Collegiate's own records reflected that Lacy lived in Connecticut and that correspondence had been sent to her in Connecticut.

37.    Upon information and belief, R&R files and serves hundreds of debt-collection complaints a year under the name of "Rubin & Rothman LLC," without conducting a meaningful review.

38.     On information and belief, R&R uses a mechanized computer-driven process to prepare and serve these complaints, and most variable information (such as the name of the creditor, the alleged amount due, the name of the consumer, and most importantly here, venue) is inserted into pre-defined "fields" by a word-processor or other computer-driven document assembly software.

39.     Further, upon information and belief, Lacy alleges that the information to be inserted in these fields, to generate these complaints is sent to consumers *en masse*, as electronically-stored information, *via* modem or other computer-readable format.

40.     The complaints are then created directly from this electronically stored information.

41.     Somewhere along the line, computer software inserts a New York address, but upon information and belief, no attorney meaningfully reviews or authorizes any particular individual complaint before it is sent.

42.     No lawyer checks back against the alleged creditor's records to see whether there is a different venue reflected in the addresses provided by the creditor.

43.     Rather, the only attorney involvement is to review the form of the complaint and to define some general parameters as to the intended recipients.

44.     Based upon the boilerplate representations made in <u>Exhibit A</u> and <u>Exhibit B</u>, the fill-in-the-blanks nature of <u>Exhibit A</u> and <u>Exhibit B</u> – and the fact that the records of R&R's **own client** reflected the correct address in Connecticut – it

is clear that no attorney had personally reviewed the particular circumstances of the alleged collection account before filing and attempting to serve the state-court complaint attached as <u>Exhibit A</u>.

45.     The state-court complaint attached as <u>Exhibit A</u> deceptively purports to be "from an attorney" when in fact the complaint, which was filed on behalf of R&R, is not from an attorney in any meaningful sense.

46.     No attorney reviews the file or determines the legal validity of the debt or, as here, the proper venue before summonses and complaints – in the form of <u>Exhibit A</u> – are filed or served, nor do attorneys interact with the consumers.

47.     R&R is a collection agency masquerading as a law firm, which uses clerical workers, not attorneys, and to collect debts using the power and leverage of a law license.

48.     That as a result of R&R's acts Plaintiff Lacy became nervous, upset, anxious, and suffered from emotional distress, and spent $2,000 to avoid having to defend a lawsuit in a distant and improper forum.

## V. CAUSE OF ACTION

49. Lacy repeats, realleges, and incorporates herein by reference all the foregoing paragraphs as if set forth fully in this Court.

50. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, as follows:

    A.  R&R violated 15 U.S.C. §1692e, §1692e2, §1692e5, §1692e10, and 15 U.S.C. §1692f by improperly filing a lawsuit against Lacy in The Bronx.

B. R&R violated 15 U.S.C.§ 1692i by bringing a state-court collection action against Lacy in The Bronx when Lacy had never signed any underlying contract with National Collegiate or any alleged predecessor-in-interest in The Bronx and when Lacy resided in Connecticut at the time of the commencement of the action.

C. R&R violated 15 U.S.C. §§ 1692e, -e(3), and –e(10) of the FDCPA by filing and serving the computer-generated summons and complaint, a copy of which is attached as Exhibit A, using attorney names and legal backs, to Lacy without having conducted any meaningful attorney review.

51.    That as a result of the R&R's FDCPA violations as alleged herein, Lacy became nervous, upset, anxious and suffered from emotional distress, and paid $2,000 to have the case dismissed for improper venue and lack of jurisdiction.

**WHEREFORE**, Plaintiff Dominique Lacy respectfully requests that judgment be entered against the Defendant Rubin & Rothman LLC for:

(a) Actual damages;

(b) Statutory damages under to 15 U.S.C. § 1692k;

(c) Costs, disbursements and reasonable attorney fees under 15 U.S.C. § 1692k; and

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiffs demand trial by jury in this action.

Dated: February 15, 2018

/s/ Brian L. Bromberg
Brian L. Bromberg
Bromberg Law Office, P.C.
*Attorneys for the Plaintiff*
26 Broadway, 21st Floor
New York, NY 10004
(212) 248-7906
Email: brian@bromberglawoffice.com